IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KEVIN DUANE RAY, 05088273,** ) | |
| Petitioner, ) | |
| v. ) | No. 3:06-CV-850-L |
| ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** ) | |
| **Texas Dept. Of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| Respondent. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

## PROCEDURAL BACKGROUND

Petitioner is a pre-trial detainee. He is awaiting trial in state court for burglary of a habitation. Petitioner filed this complaint for habeas corpus relief pursuant to 28 U.S.C. § 2254. He challenges his confinement and indictment, stating that: (1) his indictment is in error; (2) his court appointed attorney agrees that the indictment is fraudulent; (3) the court has exceeded its time limits; and (4) arraignment by a magistrate judge is insufficient.

## DISCUSSION

As a preliminary matter, the Court notes that Petitioner purports to bring this action under 28 U.S.C. § 2254. A pre-trial petition challenging ongoing state criminal proceedings, however, is properly brought under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing petition seeking release from pending state criminal proceeding as brought

under § 2241 rather than § 2254); *Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987) (same). Thus, the Court construes the petition as seeking relief pursuant to § 2241.

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 244. In this case, Petitioner is incarcerated in the Dallas County Jail. He therefore is "in custody" for purposes of § 2241.

Second, the petitioner must have exhausted his available state remedies.[1] State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by an currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pre-trial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

---

[1] Despite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court. *See Dickerson*, 816 F.2d at 225; *see also Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973).

In this case, Petitioner is still awaiting trial. He has not presented his claims to the Texas Court of Criminal Appeals. Petitioner has also not shown that he should be excused from the exhaustion requirement. Accordingly, the petition should be dismissed for failure to exhaust state remedies.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies.

Signed this 24th day of July, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendations on Petitioner.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page  -4-