IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KEVIN DUANE RAY, # 05088273**, | § |
| Petitioner, | § |
| v. | §   Civil Action No. **3:06-CV-0850-L** |
| **NATHANIEL QUARTERMAN, Director**, **Texas Dept. of Criminal Justice, Correctional Institutions Division**, | § |
| Respondent. | § |

## ORDER

This is a habeas case brought under 28 U.S.C. § 2241.[1] Pursuant to 28 U.S.C. § 636(b) and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On July 24, 2006, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were filed, to which no objections were filed. The magistrate judge found that the petition should be dismissed for failure to exhaust state remedies. After making an independent review of the pleadings, file and record in this case and the magistrate judge's Report, the court determines that the findings and conclusions of the magistrate judge are correct. Petitioner Quarterman, a pre-trial detainee awaiting trial in state court for burglary of a habitation, brought this petition to challenge his indictment, detention and arraignment. Under 28 U.S.C. § 2241(C)(3), a state pre-trial detainee is entitled to raise constitutional claims in a habeas proceeding if (1) he is in custody; and (2) he has exhausted

---

[1] Petitioner purports to bring this action under 28 U.S.C. § 2254. A pre-trial petition challenging ongoing state criminal proceedings, however, is properly brought under 28 U.S.C. § 2241. Therefore, this court construes the petition as seeking relief pursuant to § 2241.

**Order – Page 1**

his available state remedies.² Quarterman has not presented his claims to the Texas Court of Criminal Appeals, nor has he shown he should be excused from the exhaustion requirement. The magistrate judge's findings and conclusions are, therefore, **accepted** as those of the court. Accordingly, the court **denies** Petitioner's petition for the writ of habeas corpus and **dismisses this action without prejudice** for failure to exhaust state remedies.

   **It is so ordered** this 29th day of September, 2006.

                                   _____
                                   Sam A. Lindsay
                                   United States District Judge

---

²Despite the absence of an exhaustion requirement in the statutory language of § 2241, federal courts have adopted an exhaustion doctrine, holding that they should abstain from exercising jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See, e.g.*, *Braden v. 30th Judicial Cir. Ct. Of Ky.*, 410 U.S. 484, 489-92 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).